THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MUNOZ, an individual, | CASE NO.:_____ |
| Plaintiff, | Los Angeles County Superior Court Case No: 21STCV43083 |
| vs. | |
| WELLS FARGO BANK, N.A., A United States National Association; and DOES 1 through 20, inclusive, | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)** |
| Defendants. | |
| | Complaint Filed:   November 22, 2021 |

511717

# <u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

I.     THE STATE COURT ACTION AND PROCEDURE OF REMOVAL ...................................................................................5

II.    JURISDICTION ...........................................................................6

III.   DIVERSITY OF CITIZENSHIP ..................................................6

    A.   Plaintiff Is a Citizen of California ..........................................6

    B.   Wells Fargo Bank, N.A. Is a Citizen of South Dakota. ........7

IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 ........8

    A.   Plaintiff's Complaint Pleads Damages in Excess of $75,000. ............9

        1.   Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy. ......................9

        2.   The Alleged General, Special, and Punitive Damages Place the Amount in Controversy in Excess of $75,000. ........10

        3.   Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000. ..............................11

    B.   Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000. ..........................12

V.     PROCESS, PLEADINGS AND ORDERS .................................14

511717

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Abrego v. Dow Chemical Co.*,
   443 F. 3d 676 (9th Cir. 2006)..........................................................................8

*Avila v. P & L Dev., LLC*,
   No. CV 18-01211 SJO (AS), 2018 WL 1870422
   (C.D. Cal. Apr. 18, 2018)........................................................................11, 12

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
   465 F. 2d 489 (9th Cir.1972).........................................................................8

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018)....................................................................9, 11

*Chambers v. Penske Truck Leasing Corp.*,
   No. 1:11-CV-00381 LJO,
   2011 WL 1459155 (E.D. Cal. April 15, 2011)...........................................11

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S.Ct. 547 (2014) ......................................................................................9

*Fritsch v. Swift Trans. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018)......................................................................11

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001)........................................................................10

*Guglielmino v. McKee Foods Corp.*, 506 F.3d
   506 F.3d 696 (9th Cir. 2007)........................................................................10

*Haase v. Aerodynamics Inc.*,
   No. 2:09-CV-01751-MCE-GG,
   2009 WL 3368519 (E.D. Cal. Oct. 19, 2009) .............................................10

*In re Taco Bell Wage & Hour Actions*,
   222 F. Supp. 3d 813 (E.D. Cal. 2016)..................................................11, 12

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001)..........................................................................6

*Langston v. T-Mobile US, Inc.*,
   No. LACV18-01972 JAK(ASx),
   2018 WL 2382464 (C.D. Cal. May 24, 2018) ..............................................9

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986).......................................................................6, 7

*McKenna v. Wells Fargo Bank, N.A.*,
   693 F.3d 207 (1st Cir. 2012)..........................................................................8

*Mondragon v. Capital One Auto Finance*,
   776 F.3d 880 (9th Cir. 2013)..........................................................................7

3

1

## TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

2

**FEDERAL CASES**

3

4

5

*Navarro v. DHL Glob. Forwarding,*
    No. 215CV05510CASEX,
    2018 WL 2328191 (C.D. Cal. May 21, 2018) ..............................11

6

*Penske Truck Leasing Corp.,*
    No. 1:11-CV-00381 LJO
    2011 WL 1459155 (E.D. Cal. April 15, 2011)..............................10

7

8

*Rouse v. Wachovia Mortgage, FSB,*
    747 F.3d 707 (9th Cir. 2014).........................................................8

9

*Simmons v. PCR Tech.,*
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..........................10, 12, 13

10

11

*Wachovia Bank v. Schmidt,*
    546 U.S. 303 (2006) .....................................................................8

12

13

**PAGE NO.**

**STATUTES**

14

15

28 U.S.C. Section 1332.................................................................5, 6

16

28 U.S.C. Section 1348.....................................................................7

17

28 U.S.C. Section 1441.................................................................5, 6

18

28 U.S.C. Section 1441(b)(1) ...........................................................6

19

28 U.S.C. Section 1446.................................................................5, 6

20

28 U.S.C. Section 1446(b) ................................................................6

21

California Government Code Section12965(b).................................11

22

Federal Rule of Civil Procedure 6(a)................................................6

23

Federal Rule of Civil Procedure 8(a)................................................9

24

25

26

27

28

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2    THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS

3    COUNSEL OF RECORD:

4

5    PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A.

6    ("Wells Fargo") hereby removes to this Court the state court action described below

7    pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

8

9    **I.     THE STATE COURT ACTION AND PROCEDURE OF REMOVAL**

10   On November 22, 2021, plaintiff Christian Munoz ("Plaintiff") commenced

11   an action against Wells Fargo in the Superior Court of the State of California in and

12   for the County of Los Angeles – Central District ("Superior Court"), entitled

13   *Christian Munoz v. Wells Fargo Bank, N.A., et al.*, Case No. 21STCV43083.  A

14   true and correct file-stamped copy of the Complaint with Civil Case Cover Sheet is

15   attached hereto as Exhibit "A."  A true and correct copy of the Summons, filed on

16   November 22, 2021, is attached hereto as Exhibit "B."  The Superior Court filed a

17   Notice of Case Assignment on the same day Plaintiff filed the Complaint, a true

18   and correct copy of which is attached hereto as Exhibit "C."

19   Plaintiff served Wells Fargo with the Complaint and Summons on November

20   30, 2021.  *See* Notice of Service of Process, attached hereto as Exhibit "D."

21   Plaintiff filed a Proof of Service on December 2, 2021, a true and correct copy of

22   which is attached hereto as Exhibit "E."  The Superior Court also scheduled a Case

23   Management Conference for May 25, 2022, the Notice of which is attached hereto

24   as Exhibit "F."  Exhibits "E" and "F" were obtained directly from the Superior

25   Court's website.

26

27

28

511717

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1   Wells Fargo filed its Answer to Plaintiff's Complaint in the Superior Court

2   on December 27, 2021.  A true and correct copy of the Answer is attached hereto as

3   Exhibit "G."

4   This Notice of Removal is filed within 30 days from the date upon which

5   Wells Fargo, the only named defendant, was served and is within the time for

6   removal provided by law.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

7

8   ## II.   JURISDICTION

9   This is a civil action of which the instant Court has original jurisdiction under

10  28 U.S.C. Section 1332 and is one that may be removed to the instant Court by

11  Wells Fargo pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an

12  action in which the amount in controversy exceeds $75,000 and Plaintiff and Wells

13  Fargo are citizens of different states.  Plaintiff is a citizen of California and Wells

14  Fargo is a citizen of South Dakota.  *See* Section III.B, *infra*.

15

16  ## III.   DIVERSITY OF CITIZENSHIP

17  For the reasons discussed below, there is complete diversity between Plaintiff

18  and Wells Fargo.[1]

19  ### A.   Plaintiff Is a Citizen of California.

20  For diversity purposes, citizenship of an individual is determined by the

21  individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d

22  747, 749-50 (9th Cir. 1986).  "A person's domicile is her permanent home, where

23  she resides with the intention to remain or to which she intends to return."  *Kanter*

24  *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  As the Ninth Circuit

25  observed in *Lew*, determining an individual's domicile involves a number of

26  factors, including current residence, place of employment, voting registration and

27

28

---

[1] The citizenship of fictitious "Doe" defendants is disregarded for removal purposes.  *See* 28 U.S.C. § 1441(b)(1).

511717

voting practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at 750. Furthermore, "a person's old domicile is not lost until a new one is acquired." *Id*.

In his Complaint, Plaintiff alleges that he is and was "at all times relevant," a "resident of the County of Los Angeles, State of California." *See* Exh. A, Compl., ¶ 2. Thus, as of the filing of his Complaint on November 22, 2021, including the six months following the termination of his employment with Wells Fargo, Plaintiff continued to reside in California. Further evidencing Plaintiff's domicile is that Plaintiff attended Culver City High School in California, and commenced employment with Wells Fargo in California in 2005. Prior to that, Plaintiff worked for three years in California as well—*i.e.,* since 2002. Given these facts, Plaintiff has demonstrated an intent to remain in the State of California. Accordingly, for diversity purposes, Plaintiff is a citizen of California. *See, e.g., Mondragon v. Cap. One Auto Fin.*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

**B.      Wells Fargo Bank, N.A. Is a Citizen of South Dakota.**

Wells Fargo is a national banking association. The citizenship of a national banking association is governed by 28 U.S.C. section 1348, which states that national banking associations are "deemed citizens of the States in which they are respectively ***located***." 28 U.S.C. § 1348 (emphasis added).

Wells Fargo's main office, according to its articles of association, is in Sioux Falls, South Dakota. *See* RJN, Exh. E, Articles of Association for Wells Fargo

511717

Bank, N.A., as issued by the Office of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo (at Article II, §1) has its main office in Sioux Falls, South Dakota.[2]

The Ninth Circuit has unequivocally held that Wells Fargo is a citizen *only* of South Dakota for diversity purposes.  *Rouse v. Wachovia Mortgage, FSB*,[3] 747 F.3d 707, 709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a citizen **only of the state in which its main office is located**") (emphasis added).  In addition, the United States Supreme Court, after a thorough examination of the historical versions of Section 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo's citizenship for diversity purposes, therefore, is South Dakota – and *only* South Dakota.  *Rouse*, 747 F.3d at 715 ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (Wells Fargo is a citizen of South Dakota for diversity purposes).

Pursuant to this binding authority, Wells Fargo is a citizen only of South Dakota and not California.

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

An action may be removed if the defendant establishes that the aggregate amount in controversy exceeds $75,000.  *See Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir.1972).  A notice of removal may satisfy this burden

---

[2] In the contemporaneously-filed Request for Judicial Notice, Wells Fargo requests that the Court take judicial notice of Wells Fargo's Articles of Association. (Request for Judicial Notice ("RJN"), ¶ 5, Exh. E.)

[3] Wachovia Mortgage is now a division of Wells Fargo.  *Rouse*, 747 F.3d at 709.

511717

8

through plausible allegations, consistent with Federal Rule of Civil Procedure 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court. *Id*. at 554; *Langston v. T-Mobile US, Inc.*, No. LACV18-01972 JAK(ASx), 2018 WL 2382464, at *4 (C.D. Cal. May 24, 2018) (applying the plausible allegations standard to a single-plaintiff diversity case). As shown on the face of the Complaint, Plaintiff seeks damages well in excess of the $75,000 threshold.

### A. Plaintiff's Complaint Pleads Damages in Excess of $75,000.

### 1. Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy.

Plaintiff seeks to recover, *inter alia,* compensatory damages in the form of "past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity." *See* Exh. A, Compl. ¶¶ 42, 66, 72, 80, 88, 107, 11 (p. 22)[4], 23 (p. 24); *see also id*. at p. 25, Prayer for Relief. Plaintiff alleges that Wells Fargo terminated his employment on May 23, 2021. *Id*. at ¶ 35. Based on Wells Fargo's records, Plaintiff's hourly wage at the time of his termination of employment was $24.46 per hour (*i.e.,* $50,876.80 annually ($24.46/hour x 2,080 hours)). Moreover, Plaintiff was eligible for quarterly incentive compensation. Conservatively assuming *arguendo* that this Action is set for trial in January 2023 (and likely later given the courts' congestion from COVID), Plaintiff's lost wages alone will total $85,000 ($24.46 x 2080/12 months x 20 months). *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal). This does not factor in the incentive compensation for which Plaintiff was eligible, overtime premiums, and purported lost benefits, which set the

---

[4] The paragraphs in Plaintiff's Complaint start over at paragraph 1 on page 20.

511717

1   amount in controversy even further beyond the $75,000 jurisdictional threshold.

2   *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (stating

3   employee benefits must be included in calculating the amount of lost income in

4   controversy).

5   **2.   The Alleged General, Special, and Punitive Damages Place**

6   **the Amount in Controversy in Excess of $75,000.**

7   Plaintiff also seeks general and special (*i.e.,* emotional distress) damages.

8   Exh. A, Compl., ¶¶ 43, 12 (p. 22); *see also id*., at 25, Prayer for Relief.  Moreover,

9   Plaintiff seeks to recover punitive damages.  *Id.* at ¶¶ 44, 55, 67, 81, 89, 108, 10 (p.

10  21), 24 (p. 24); *see also id*. at 25, Prayer for Relief.  Both compensatory damages

11  and punitive damages are used to determine whether the jurisdictional minimum

12  has been satisfied.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001)

13  ("It is well established that punitive damages are part of the amount in controversy

14  in a civil action."); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033

15  (N.D. Cal. 2002) (stating "the potential for large punitive damage awards in

16  employment discrimination cases" satisfies the $75,000 requirement); *Chambers v.*

17  *Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, *4

18  (E.D. Cal. April 15, 2011) (finding that amount in controversy was satisfied

19  because "punitive damages in employment matters may be substantial"); *Haase v.*

20  *Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D.

21  Cal. Oct. 19, 2009) (denying remand in FEHA action as "even a minimum award of

22  punitive damages would satisfy the jurisdictional requirement").

23  As Plaintiff's lost wages alone already could exceed $75,000, *any* award of

24  punitive and/or emotional distress damages further elevates the amount in

25  controversy well-above the jurisdictional threshold.

26

27

28

511717

3. <u>**Attorneys' Fees May Be Included in the Amount in**</u>
<u>**Controversy Calculation, Further Demonstrating that the**</u>
<u>**Amount in Controversy Exceeds $75,000.**</u>

Plaintiff further seeks to recover attorneys' fees. *See* Ex. A, Compl. ¶¶ 56, 68, 74, 82, 90, 100; *see also id.* at 25, Prayer for Relief. When attorneys' fees are recoverable by statute, they are also factored into the amount in controversy. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all relief*** a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15 (emphasis added). "The phrases 'all relief' and 'certain classes of damages' encompass all of the plaintiff's future recovery, not lost wages alone. Accordingly, Chavez's reasoning clearly applies to attorneys' fees." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018). Here, should Plaintiff prevail on any of his FEHA claims (his first through fifth causes of action), he will be entitled to recover attorneys' fees. *See* Cal. Gov. Code § 12965(b); *see also Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at *3 (C.D. Cal. Apr. 18, 2018) (stating that a "conservative" approach estimates fees corresponding to approximately 100 hours spent by counsel on an employment lawsuit and finding that attorneys' fees increased total amount in controversy to over $75,000, establishing diversity jurisdiction); *Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney work in employment discrimination action); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (collecting numerous authorities finding between $300 and $400 per hour to be reasonable rates in employment litigation for counsel with twenty or more years of experience, between $250 and $300 for counsel with less than fifteen years of

511717

1  experience, and between $125 and $200 for counsel with less than two years of

2  experience).

3  Here, assuming *Avila's* "conservative" estimate of 100 counsel hours at a rate

4  of $250 per hour, potential fees in controversy here are, at a minimum, $25,000,

5  which only adds to the amount in controversy.

6  **B.  Jury Verdicts Establish that Plaintiff's Claims Regularly Result in**

7  **Damage Awards in Excess of $75,000.**

8  Plaintiff brings claims for, *inter alia*: (i) disability discrimination under the

9  FEHA; (ii) retaliation in violation of the Fair Employment and Housing Act (the

10  "FEHA"); (iii) failure to prevent discrimination under the FEHA; (iv) failure to

11  accommodate under the FEHA; (v) failure to engage in the interactive process

12  under the FEHA; (vii) retaliation in violation of the California Labor Code; and

13  (viii) wrongful termination in violation of public policy.  *See generally*, Exh. A,

14  Compl.  When successful, employment claims, such as the claims Plaintiff asserts,

15  frequently result in jury verdicts in excess of $75,000 (exclusive of attorneys' fees).

16  To establish the amount in controversy, which can include both compensatory and

17  punitive damages, a removing defendant "may introduce evidence of jury verdicts

18  in cases involving analogous facts."  *Simmons,* 209 F. Supp. 2d at 1033-34 (finding

19  it proper to consider evidence from various jury verdict reporters to establish the

20  amount in controversy).  The following jury verdicts are illustrative:

21  • *Ismen v. Beverly Hosp.*, Superior Court of Los Angeles, Case No. BC366198

22    (Aug. 8, 2008, Aug. 13, 2008) (Ernest M. Hiroshige, J.).  The jury awarded

23    in excess of $75,000 to plaintiff on her claims for disability discrimination,

24    failure to accommodate and retaliation.  Notably, the jury awarded Plaintiff

25    $113,100 for emotional distress and $825,000 for punitive damages alone.

26    Plaintiff was a records clerk at a hospital and suffered various injuries.

27    Plaintiff alleged she was terminated though she was still able to do her job.

28

511717

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

Plaintiff also claimed that she was terminated because of her work restrictions and that her termination was a retaliatory decision. *See* RJN ¶ 1, Exh. A.

- *Abarca v. Citizens of Humanity L.L.C.*, Superior Court of Los Angeles, Case. No. BC521900 (March 2, 2017, March 9, 2017) (Frederick C. Shaller, J.). They jury awarded plaintiff $550,000 for punitive damages alone on her claims for disability discrimination, retaliation, failure to prevent discrimination or retaliation, and wrongful termination. Plaintiff was a quality control inspector and began to experience chest and shoulder pain. Plaintiff notified employer of work restrictions and was ultimately terminated. Plaintiff alleged retaliation and contended that she was fired for requesting reasonable accommodations and reporting her work related-injury and disability. *See* RJN ¶ 2, Exh. B.

- *Chavarria v. Management & Training Corp.*, U.S. District Court (S.D. Cal.), Case No. 16-cv-0617-H-RBB (February 1, 2018). The jury awarded $230,000 to a plaintiff who suffered a workplace injury and who alleged disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation. *See* RJN ¶ 3, Exh. C.

- *Herzig v. Regina L. Edmond, M.D., Inc.*, Superior Court of Los Angeles, Case No. BC579970 (April 21, 2017) (Marc Marmaro, J.). The jury awarded in excess of $75,000 to Herzig on her claims for disability discrimination, age discrimination, retaliation, and failure to accommodate. *See* RJN ¶ 4, Exh. D.

Although not identical in every respect, the foregoing cases contain enough similarities to establish that the jurisdictional minimum has been met. *See Simmons,* 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve

511717

distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional distress] damage awards").

Accordingly, for all the reasons discussed above, the amount in controversy significantly exceeds $75,000.

## V.   **PROCESS, PLEADINGS AND ORDERS**

- Attached hereto as Exhibit "A" is a true and correct file-stamped copy of the Complaint and Civil Case Cover Sheet Plaintiff filed with the Superior Court on November 22, 2021.

- Attached hereto as Exhibit "B" is a true and correct copy of the Summons Plaintiff filed with the Superior Court on November 22, 2021.

- Attached hereto as Exhibit "C" is a true and correct copy of the Superior Court's Notice of Case Assignment, filed on November 22, 2021.

- Attached hereto as Exhibit "D" is a true and correct copy of the Notice of Service of Process demonstrating that Wells Fargo was served on November 30, 2021.

- Attached hereto as Exhibit "E" is a true and correct copy of the Proof of Service filed with the Superior Court on December 2, 2021, which Wells Fargo obtained from the Superior Court's website.

- Attached hereto as Exhibit "F" is a Notice of Case Management Conference, scheduled for May 25, 2022, which Wells Fargo obtained from the Superior Court's website.

- Attached hereto as Exhibit "G" is a true and correct copy of Wells Fargo's Answer to Plaintiff's Complaint, filed with the Superior Court on December 27, 2021.

511717

14

1    Wells Fargo is informed and believed that Exhibits "A" through "G"
2    constitute all the process, pleadings, and/or orders served upon it and/or filed in the
3    Superior Court action.

4    On this day, or no later than the next business day, notice of this removal is
5    being given to both Plaintiff and to the Clerk of the Superior Court.  True and
6    correct copies of these notices are attached hereto as Exhibits "H" and "I,"
7    respectively.  The proof of service of the Notice to Adverse Party of Removal will
8    be filed with this Court immediately after the Notice is served on Plaintiff and the
9    Superior Court filing is accomplished.

10

11   DATED:  December 28, 2021          KADING BRIGGS LLP
                                        THERESA A. KADING
12                                      KYMBERLEIGH DAMRON-HSIAO

13

14                                      By:_____
15                                         KYMBERLEIGH DAMRON-HSIAO

16                                      Attorneys for Defendant
17                                      WELLS FARGO BANK, N.A.

18

19

20

21

22

23

24

25

26

27

28

511717

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

EXHIBIT "A"

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/22/2021 02:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV43083

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
Carlos E. Montoya, Esq. (SBN 317057)
cem@waltermosleyesq.com
Nathalie Meza Contreras, Esq. (SBN 322545)
nmc@waltermosleyesq.com
Mosley & Associates
1055 W. 7th St., 33rd Floor
Los Angeles, California 90017
Telephone: (213) 232 - 3886

Attorney for Plaintiff,
Christian Muñoz

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CHRISTIAN MUÑOZ, an individual, | Case No. 21STCV43083 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **DISCRIMINATION IN VIOLATION OF** |
| WELLS FARGO BANK, N.A., a United States National Association; and DOES 1 through 20, inclusive, | 2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| Defendants. | 3. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| | 4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 6. **FOR DECLARATORY JUDGMENT;** |
| | 7. **RETALIATION (LAB. CODE §§1102.5);** |
| | 8. **RETALIATION (LAB. CODE §6310); AND** |
| | 9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |

-1-

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, Christian Muñoz,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff, Christian Muñoz (hereinafter "Plaintiff" and "Mr. Muñoz"), is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo" and "Employer") was and is a United States national association doing business at 1902 W. Rosecrans Ave, Compton in the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private banking institution.

5.     At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.

Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

1              **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

2       11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

3 of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of

4 defendants have ceased to exist.

5       12.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

6 purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same as Defendants,

7 including, but not limited to because:

8           a.    Employer is completely dominated and controlled by one another and DOES 1-20,

9 who personally committed the frauds and violated the laws as set forth in this complaint, and who have

10 hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish

11 some other wrongful or inequitable purpose.

12           b.    Employer and DOES 1-20 derive actual and significant monetary benefits by and

13 through one another's unlawful conduct, and by using one another as the funding source for their own

14 personal expenditures.

15           c.    Employer and DOES 1-20, while really one and the same, were segregated to

16 appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

17 accomplishing some other wrongful or inequitable purpose.

18           d.    Employer does not comply with all requisite corporate formalities to maintain a

19 legal and separate corporate existence.

20           e.    The business affairs of Employer and DOES 1-20 are, and at all times relevant

21 were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in

22 inextricable confusion. Employer is, and at all times relevant hereto were, used by one another and DOES

23 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the

24 alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would

25 not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff

26 for violations of the Government Code and other statutory violations.   The corporate existence of

27 Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such

28 disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

### **FACTUAL ALLEGATIONS**

16.     On or about August 8, 2005, Employer hired Mr. Munoz to work as a bank teller. Thereafter, Mr. Munoz was promoted to the position of personal banker in or around October 2013.

17.     As a personal banker, Mr. Munoz performed his duties satisfactorily until he was wrongfully terminated. His duties included but were not limited to, assisting bank customers with their bank accounts such as opening accounts and resolving inquiries about their accounts.

18.     At the time that Mr. Munoz was terminated, Mr. Munoz earned $24.45845 per hour and was a full-time, non-exempt employee. At all times mentioned herein throughout his employment, Mr. Munoz performed all of his job duties satisfactorily.

19. In or around March 2020, the President of United States declared a national emergency due to the spread of COVID-19 (an infectious disease caused by severe acute respiratory syndrome coronavirus 2, or SARS-CoV-2).

20. As a result, the Center for Disease Control ("CDC") required various businesses to take specific health and safety measures in order to protect the health and safety of the public and employees from exposure to COVID-19. Employer's business was one such business required to follow specific health and safety measures. These health and safety measures included, but were not limited to, requiring that patrons and employees remain more than 6 feet apart at all times, requiring employees to wear face masks or coverings, and requiring notice to employees who were potentially exposed to COVID-19 during work hours.

21. On or about early June 2020, several employees became sick with COVID-19 at Mr. Munoz' branch, including Mr. Munoz. Employer did not give proper notice to employees as required by the CDC and other public health agencies nor did it take subsequent safety measures for the employees who continued working. Mr. Munoz believed, based on the guidance from the CDC and other public health agencies like the Los Angeles Health Department ("Health Department") that the business was required to close after an employee reported that they tested positive for COVID-19 and had potentially exposed co-workers during work hours. He also believed and understood that potentially exposed employees were to be immediately notified of their exposure.

22. Mr. Munoz and his fellow co-workers, including Julio Lopez ("Mr. Lopez") and Maria Zamora, became increasingly concerned as the number of infected employees continued to rise while Employer refused to inform employees potentially exposed and did not take the necessary safety precautions to curb the possibility of infections among employees. Mr. Munoz voiced his concerns to his immediate managers and supervisors to no avail.

23. Thereafter, in or around mid-June 2020, Employer's Service Manager Francisco Lomeli Martin hosted an employee conference call to address the various concerns that employees, including Mr. Munoz, were expressing about health and safety concerns. District Manager Krystal Kinoshina was also present during the call. During that meeting, Mr. Munoz and Mr. Lopez was very outspoken about the various failures of Employer in not following the CDC and the Health Department's guidance on health

1  and safety measures to protect the public and employees. Mr. Munoz raised questions about employee's

2  exposure to COVID-19 and their health and safety.  Mr. Munoz told the Service Manager and District

3  Manager about the CDC guidelines for banking institutions. Mr. Munoz had a legitimate, good faith

4  belief, that Employer was not following the law and complained about those specific failings by

5  Employer.

6      24.    Thereafter, Employer continued to ignore Mr. Munoz and the other employees' concerns

7  and as a result, more employees became infected with COVID-19. The Los Angeles Health Department

8  required that if a certain number of employees became infected within a given period of time, an employer

9  was required to close down its business for a designated period of time and report the COVID-19 outbreak

10 to the Health Department. Employer did not shut down its business nor report the outbreak as required

11 by the Health Department. In July 2020, Mr. Munoz and Mr. Lopez filed complaints with the CDC,

12 OSHA, and the Health Department. As a result, the branch where Mr. Munoz worked shut down for two

13 months.

14     25.    When Mr. Munoz returned to work at his respective branch, in or around October 2020,

15 he had hoped to go back to a workplace free of retaliation for engaging in protected activity.

16     26.    In or around December 2020, Mr. Munoz suffered an injury to his wrists and back while

17 working for the Employer. The injury limited his ability to perform the major life activity of working

18 and, therefore, constituted a disability. Mr. Munoz notified the Employer of his disability, my subsequent

19 work restrictions, and requested reasonable accommodations. He also requested help performing his job

20 duties due to his disability. Specifically, Mr. Munoz requested that Employer provide him with an

21 ergonomic workspace (desk and chair) that would enable him to perform his duties without further injury.

22 In response to his request for accommodations to the Employer, the Employer failed to address his

23 concerns and did not provide reasonable accommodations.

24     27.    In or around December 2020, Employer wrongfully terminated Mr. Lopez (Mr. Munoz's

25 co-worker and fellow whistleblower) for a pretextual reason. However, Mr. Munoz believed that Mr.

26 Lopez was wrongfully terminated in retaliation for his engagement in protected activity of complaining

27 about health and safety concerns between June and July 2020.

28

28.     In or around mid-January 2021, Mr. Munoz again notified Employer of his disability, his subsequent work restrictions, and requested reasonable accommodations. Once again, he also requested help performing his job duties due to his disability. Specifically, he requested that Employer provide him with an ergonomic workspace (desk and chair) that would enable him to perform his duties without further injury. In response to this second request for accommodations to Employer, Employer again failed to address his concerns and did not provide reasonable accommodations.

29.     Thereafter, on or about February 2, 2021, for the third time, Mr. Munoz notified Employer of his disability, his subsequent work restrictions, and requested reasonable accommodations. He also requested help performing his job duties due to his disability. Specifically, Mr. Munoz again requested that Employer provide him with an ergonomic workspace (desk and chair) that would enable him to perform his duties without further injury. In response to his request for accommodation to Employer, Employer informed him that in order to provide him reasonable accommodations, he needed to open a workers compensation claim with Employer. Mr. Munoz followed their direction, he proceeded to open a workers compensation claim with Employer for his disability.

30.     After contacting Employer's workers compensation department, he was directed to begin treatment with an industrial doctor. Mr. Munoz complied and began treatment. Mr. Munoz was treated and the doctor recommended work restrictions.

31.     Mr. Munoz immediately reported his work restrictions to Branch Manager Liliana Valdez ("Ms. Valdez") and submitted a copy of the doctor's note which contained his work restrictions. Mr. Munoz's doctor's notes were then submitted to Marsha Jones the Workers Compensation claims manager for Employer.

32.     In response to his request for accommodations, Employer did not engage Mr. Munoz in a good faith interactive process. Instead, Employer relied only on the written work restrictions outlined on the doctor's notes. As a result, Employer did not honor all the work restrictions recommended by the doctor. Mr. Munoz also verbally communicated while at work when he was assigned to work outside of his work restrictions.

33.     Mr. Munoz could perform the essential duties of his job, without or without accommodations.

34. Then, on or about March 25, 2021, in retaliation for my engagement in protected activities, Employer informed Mr. Munoz and his coworker Maria Zamora that they were both was laid off effective May 23, 2021. Maria Zamora and Mr. Munoz were both the most senior personal bankers, the oldest personal bankers from among all personal bankers and tellers at that branch, and we were both disabled.

35. On or about May 23, 2021, Employer wrongfully terminated Mr. Munoz's employment based upon his real or perceived disability and/or medical condition, request for accommodations, and engagement in protected activity.

36. Defendants discriminated and retaliated against Plaintiff by terminating his employment after Plaintiff informed Defendants of his disability or perceived disability, medical condition or perceived medical condition, request for accommodations, and engagement in protected activity pursuant to the Labor Code.

37. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

38. At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

39. Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

40. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to * and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by

1   managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

2   and designated herein as DOES 1 through 20, inclusive.

3       41.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general

4   and special damages, including severe and profound pain and emotional distress, anxiety, depression,

5   headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological

6   counseling and treatment, and past and future lost wages and benefits.

7       42.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,

8   commissions, benefits and loss or diminution of earning capacity.

9       43.    Plaintiff claims general damages for emotional and mental distress and aggravation in a

10  sum in excess of the jurisdictional minimum of this Court.

11      44.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or

12  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard

13  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages

14  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this

15  Court.

16

17                          **FIRST CAUSE OF ACTION**

18      **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

19                        **AGAINST ALL DEFENDANTS**

20      45.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as

21  though set forth in full herein.

22      46.    At all times hereto, the FEHA was in full force and effect and was binding upon

23  Defendants and each of them.

24      47.    As such term is used under FEHA, "on the bases enumerated in this part" means or

25  refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

26      48.    FEHA requires Defendants to refrain from discriminating against an employee on the

27  basis of age, race, gender, sex, marital status, religion, disability and/or medical condition, real or

28  perceived, and to prevent discrimination and harassment on the basis of disability and/or medical

1   condition, real or perceived, use of medical leave, and engagement in protected activities from
2   occurring.

3       49.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability,
4   medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical
5   condition.

6       50.     At all times relevant hereto, Plaintiff was performing competently in the position
7   Plaintiff held with Defendants.

8       51.     Plaintiff suffered the adverse employment actions of unlawful harassment,
9   discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination,
10   failure to reinstate and/or return to work, and termination, and was harmed thereby.

11       52.     Plaintiff is informed and believes that Plaintiff's disability and/or medical condition,
12   real and perceived, and/or some combination of these protected characteristics under Government Code
13   §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the
14   aforementioned adverse employment actions.

15       53.     Said conduct violates the FEHA, and such violations were a proximate cause in
16   Plaintiff's damage as stated below.

17       54.     The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated
18   by reference.

19       55.     The foregoing conduct of Defendants individually, or by and through their officers,
20   directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
21   was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
22   rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
23   rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
24   Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

25       56.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
26   attorneys' fees and costs, including expert fees pursuant to the FEHA.

27
28

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

57.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

58.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

59.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

60.     Plaintiff engaged in the protected activities of requesting accommodation and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

61.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

62.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

63.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove. Plaintiff's engagement in such protected activities were a substantial factor in Defendants' decision to subject Plaintiff to the aforementioned adverse employment actions.

64.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

65.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

1    66.    The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated

2    by reference.

3    67.    The foregoing conduct of Defendants individually, or by and through their officers,

4    directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

5    was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

6    rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

7    rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

8    Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

9    68.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

10   attorneys' fees and costs, including expert fees pursuant to the FEHA.

11

12                          **THIRD CAUSE OF ACTION**

13            **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

14                 **IN VIOLATION OF GOV'T CODE §12940(k)**

15                          **AGAINST ALL DEFENDANTS**

16   69.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as

17   though set forth in full herein.

18   70.    At all times hereto, the FEHA, including in particular Government Code §12940(k),

19   was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on

20   Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation

21   from occurring.  As alleged above, Defendants violated this subsection and breached their duty by

22   failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from

23   occurring.

24   71.    The above said acts of Defendants constitute violations of the FEHA and were a

25   proximate cause in Plaintiff's damage as stated below.

26   72.    The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated

27   by reference.

28

-13-

73. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

76. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

77. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

78. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's

-14-
COMPLAINT FOR DAMAGES

1  health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or
2  perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants
3  failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with
4  Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination
5  or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

6      79.    The above said acts of Defendants constitute violations of the FEHA and were a
7  proximate cause in Plaintiff's damage as stated below.

8      80.    The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated
9  by reference.

10     81.    The foregoing conduct of Defendants individually, and/or by and through their officers,
11  directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
12  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
13  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
14  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
15  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

16     82.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
17  attorneys' fees and costs, including expert fees pursuant to the FEHA.

18
19                    **FIFTH CAUSE OF ACTION**
20   **FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
21        **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
22               **AGAINST ALL DEFENDANTS**

23     83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as
24  though set forth in full herein.

25     84.    At all times hereto, the FEHA, including in particular Government Code §12940(n),
26  was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing
27  duty on Defendants to engage in a timely, good faith, interactive process with the employee to
28  determine effective reasonable accommodations, if any, in response to a request for reasonable

-15-

1    accommodation by an employee with a known physical disability or known medical condition and/or
2    becoming aware of the employee's need for accommodation.

3        85.    At all relevant times, Plaintiff was a member of a protected class within the meaning of,
4    in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical
5    disability that affected Plaintiff's major life activities, and medical condition of which Defendants had
6    both actual and constructive knowledge.

7        86.    Plaintiff reported the disability to Defendants' Branch Manager and Workers
8    Compensation Department, triggering Defendants' obligation to engage in the interactive process with
9    Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants
10   continuing obligation to engage in the interactive process with Plaintiff, Defendants failed and refused
11   to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated,
12   and continued to violate this obligation up to and including the date of Plaintiff's termination or, if
13   Defendant contends Plaintiff was never terminated, through the present and ongoing.

14       87.    The above said acts of Defendants constitute violations of the FEHA and were a
15   proximate cause in Plaintiff's damage as stated below.

16       88.    The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated
17   by reference.

18       89.    The foregoing conduct of Defendants individually, and/or by and through their officers,
19   directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
20   was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
21   rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
22   rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
23   Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

24       90.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
25   attorneys' fees and costs, including expert fees pursuant to the FEHA.

26

27

28

## SIXTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST ALL DEFENDANTS

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

92.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

93.     Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

94.     Moreover, Government Code §12921, subdivision (a) says in pertinent part:

-17-

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

95.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

96.     Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

97.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

98.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

1    Defendants and to condemn such discriminatory employment policies or practices prospectively.

2    *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

3        99.    A judicial declaration is necessary and appropriate at this time such that Defendants

4    may also be aware of their obligations under the law to not engage in discriminatory practices and to

5    not violate the law in the future.

6        100.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff

7    herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

8    section, the court, in its discretion, may award to the prevailing party, including the department,

9    reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by

10   an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring

11   discrimination and harassment.

12

13                    **SEVENTH CAUSE OF ACTION**

14                       **FOR RETALIATION**

15              **IN VIOLATION OF LABOR CODE § 1102.5**

16                     **AGAINST ALL DEFENDANTS**

17       101.    Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though

18   set forth in full herein.

19       102.    At all relevant times, Labor Code §1102.5(a) was in full force and effect, and was

20   binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer,

21   from discharging an employee or in any manner discriminating or retaliating against, or taking any

22   adverse action against, an employee because, among other things, the employee disclosed information

23   to a government or law enforcement agency, or to a person with authority over the employee or another

24   employee who has the authority to investigate, discover, or correct the violation or noncompliance, if

25   the employee has reasonable cause to believe that the information discloses a violation of state or

26   federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation,

27   regardless of whether disclosing the information is part of the employee's job duties.

28

103.     Plaintiff reported violations of local laws relating to COVID-19 precautionary measures to his immediate managers, including Defendants' District Manager.

104.     Defendants subjected Plaintiff to the adverse employment action, including without limitation, termination because Plaintiff reported the violations of law to his supervisors.

105.     Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

106.     Said conduct violates Labor Code Labor Code §1102.5, and such violations were a proximate cause in Plaintiffs' damages as hereinabove stated.

107.     The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated by reference.

108.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## **EIGHTH CAUSE OF ACTION**
## **RETALIATION**
## **LABOR CODE §6310**
## **AGAINST ALL DEFENDANTS**

1.   Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

2.     At all relevant times, Labor Code §6310 was in full force and effect, and was binding on Defendants.  This law prohibits an employer, from among other things, threatening to discharge, or in any manner discriminate or retaliate against an employee who has exercised his or her rights by making an oral or written complaint, in good faith, to his or her employer regarding working conditions, or work practices in his or her place of employment that the employee reasonably believes are unsafe.

3.     The public policy underlying Labor Code §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those who in good faith report working conditions they believe to be unsafe.

4.     Any employee who has been subject to any of the aforementioned adverse employment actions shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

5.     Any employer who willfully refused to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion is guilty of a misdemeanor.

6.     Plaintiff made a good faith oral complaint about unsafe working conditions at his workplace. Plaintiff made the complaints based upon reasonable belief that

7.     Defendants violated Labor Code §6310 by retaliating against and ultimately wrongfully terminating Plaintiff for reporting unsafe working conditions in the workplace.

8.     Plaintiff is informed and believes, and based thereupon alleges, that she was discharged from her employment and/or otherwise discriminated and retaliated against by Defendants, including Defendants' retaliatory animus is evidenced by the aforementioned facts.

9.     Defendants' conduct described herein was undertaken authorized, and/or ratified by Defendants, Defendants' officers and/or managing agents, and those identified herein as DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and therefore are identified and designated herein as DOES 1-20, inclusive.

10.     In committing the acts alleged herein, Defendants acted knowingly and willfully, with the wrongful and illegal deliberate intention of causing injury to Plaintiff. Defendants committed such acts with improper motives amounting to malice, and such acts were carried out in conscious disregard of

1    Plaintiff's rights. Plaintiff is thus entitled to received nominal, actual, compensatory, punitive, and
2    exemplary damages in amounts according to proof at trial.

3        11.    As a result of Defendants' actions, Plaintiff has suffered and continued to suffer substantial
4    losses related to loss of wages. Plaintiff is entitled to recover costs and expenses in seeking to compel
5    Defendants to fully perform their obligation under state law and Plaintiff's respective damage amounts
6    according to proof at trial.

7        12.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
8    and special damages, including emotional distress, anxiety, and depression, as well as medical expenses,
9    expenses for psychological counseling and treatment. Plaintiff claims general damages for emotional and
10    mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

11        13.    Pursuant to this Court's authority, Plaintiff requests costs in prosecuting this action,
12    including expert fees and any other relief the court deems proper.

13

14                         **NINTH CAUSE OF ACTION**

15                    **FOR WRONGFUL TERMINATION**

16        **IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

17                 **AGAINST ALL DEFENDANTS**

18        14.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as
19    though set forth in full herein.

20        15.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect
21    and was binding on Defendants. This law requires Defendants to refrain, among other things, from
22    discriminating against any employee on the basis of disability, medical condition, real or perceived,
23    and use of medical leave, and from retaliating against any employee who engages in protected activity.

24        16.    At all times mentioned in this complaint, it was a fundamental policy of the State of
25    California that Defendants cannot discriminate and/or retaliate against any employee on the basis of
26    disability, medical condition, real or perceived, use of medical leave and/or engagement in protected
27    activity.

28

17.     Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

18.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

19.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

20.     At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them.  This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself.  Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the employee's suspicions are correct that the challenged conduct actually violates some law.  Indeed, the law in California is that an employee's good faith but mistaken belief in the illegality of his co-workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing context.

21.     At all relevant times mentioned in this complaint, Labor Code §6310 was in full force and effect and was binding upon Defendants and each of them. This law prohibits an employer, from among other things, threatening to discharge, or in any manner discriminate or retaliate against an employee who has exercised his or her rights by making an oral or written complaint, in good faith, to

1  his or her employer regarding working conditions, or work practices in his or her place of employment
2  that the employee reasonably believes are unsafe.

3       22.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's
4  engagement in protected activities under Labor Code § 1102.5 was a proximate cause in Plaintiff's
5  damages as stated below.

6       23.    The damage allegations of Paragraphs 39 through 42, inclusive, are herein incorporated
7  by reference.

8       24.    The foregoing conduct of Defendants individually, or by and through their officers,
9  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
10  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
11  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
12  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
13  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

14

15                                    **PRAYER FOR RELIEF**

16       **WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount
17  according to proof:

18       1.    For a money judgment representing compensatory damages including lost wages,
19  earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,
20  together with interest on these amounts; for other special damages; and for general damages for mental
21  pain and anguish and emotional distress and loss of earning capacity;

22       2.    For civil penalties pursuant to Labor Code § 1102.5 in the amount of no less than
23  $10,000.00;

24       3.    For prejudgment interest on each of the foregoing at the legal rate from the date the
25  obligation became due through the date of judgment in this matter;

26       **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an
27  amount according to proof, as follows:

28

4.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

6.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

8.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

9.     For post-judgment interest; and

10.    For any other relief that is just and proper.

DATED: November 22, 2021                    **MOSLEY AND ASSOCIATES**

By: _____
Walter Mosley, Esq.
Carlos E. Montoya, Esq.
Nathalie Meza Contreras, Esq.
Attorneys for Plaintiff
Christian Muñoz

### **JURY TRIAL DEMANDED**

Plaintiff Christian Muñoz demands trial of all issues by jury.

DATED: November 22, 2021                    **MOSLEY AND ASSOCIATES**

By: _____
Walter Mosley, Esq.
Carlos E. Montoya, Esq.
Nathalie Meza Contreras, Esq.
Attorneys for Plaintiff
Christian Muñoz

-25-
COMPLAINT FOR DAMAGES

EXHIBIT "B"

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/22/2021 02:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV43083

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a United States National Association;
and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTIAN MUÑOZ, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>Central District, 111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>21STCV43083 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter Mosley, Esq. (SBN 244169), wm@waltermosleyesq.com; Carlos E. Montoya, Esq. (SBN 317057), cem@waltermosleyesq.com;
Nathalie Meza Contreras, Esq. (SBN 322545), nmc@waltermosleyesq.com;
Mosley & Associates, 1055 W. 7th St., 33rd Floor, Los Angeles, California 90017, Telephone: (213) 232-3886

| DATE:<br>*(Fecha)* 11/22/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy<br>*(Secretario)*   D. Williams   *(Adjunto)* |
| --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **WELLS FARGO BANK, N.A., a United States National Association**

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

EXHIBIT "C"

# EXHIBIT "C"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/22/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV43083 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Barbara A. Meiers | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

**Sherri R. Carter, Executive Officer / Clerk of Court**

on 11/23/2021 _____
(Date)

By D. Williams _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT "D"

# EXHIBIT "D"



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Christian Munoz vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Christian Munoz vs. Wells Fargo Bank, N.A. (11778943) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV43083 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/30/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Mosley & Associates<br>213-232-3886 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "E"

# EXHIBIT "E"

Electronically Filed by Superior Court of California, County of Los Angeles on 12/02/2021 03:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Spann, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nathalie Meza Contreras, 322545<br>Mosley & Associates<br>1055 W. 7th Street, 33rd Floor<br>Los Angeles , CA 90017<br>TELEPHONE NO.: (213) 232-3886<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Christian Munoz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, N.A., et al. | 21STCV43083 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>MUNOZ |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Alternative Dispute Resolution Information Package; First Amended General Order; Order Pursuant to CCP 1054(a)

3. a. Party served:  WELLS FARGO BANK, N.A., a United States National Association

   b. Person Served: CSC - Nicole Stauss - Person Authorized to Accept Service of Process

4. Address where the party was served:  2710 Gateway Oaks Drive, Suite 150N
                      Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 11/30/2021        (2) at (time): 1:50PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   WELLS FARGO BANK, N.A., a United States National Association
   under: CCP 416.40 (association or partnership)
7. **Person who served papers**
   a. Name:         Tyler Anthony DiMaria
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  11/30/2021

Tyler Anthony DiMaria
_____       _____
(NAME OF PERSON WHO SERVED PAPERS)            (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 17294283

EXHIBIT "F"

# EXHIBIT "F"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Christian Munoz

DEFENDANT:
WELLS FARGO BANK, N.A., a United States  National Association

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/16/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Ellis _____ Deputy

CASE NUMBER:
21STCV43083

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/25/2022 | Time: 9:00 AM | Dept.: 12 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: 12/16/2021

_____ Barbara A. Meiers / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Nathalie Meza Contreras, Esq.
1055 W. 7th Street, 33rd Floor

Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/16/2021

By C. Ellis _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

EXHIBIT "G"

# EXHIBIT "G"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/27/2021 01:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Soto,Deputy Clerk

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email:  kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| CHRISTIAN MUNOZ, an individual, | Case No. 21STCV43083 |
| Plaintiff, | Assigned to Hon. Barbara Meiers, Dept. 12 |
| vs. | |
| WELLS FARGO BANK, N.A., a United States National Association; and DOES 1 through 20, inclusive, | **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | Complaint Filed:     November 22, 2021 |

511716

1

Defendant Wells Fargo Bank, N.A. ("Defendant"), for itself and for no other defendant, answers the Complaint of Plaintiff Christian Muñoz ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint.  Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1, 338, 340, and 343; and California Government Code Sections 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff has failed to mitigate his damages, if any, and therefore any damages awarded to him must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq*.  Defendant is also entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

## FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff is barred, in whole or in part, from recovery of any damages, based upon the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims for declaratory and equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

TENTH AFFIRMATIVE DEFENSE

10.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of the employment of the employee(s) involved.

ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant denies that it discriminated and/or retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

TWELFTH AFFIRMATIVE DEFENSE

12.    Defendant denies that any activity protected by Labor Code Section 1102.5 occurred or was a factor in any alleged adverse employment action against Plaintiff. However, if Plaintiff proves that such activity occurred and that such activity was a contributing factor in any adverse employment action, Plaintiff's claims based on Labor Code Section 1102.5 are barred because any alleged adverse employment action by Defendant would have occurred for legitimate, independent reasons, regardless of the alleged improper grounds.  *See* Labor Code § 1102.6.

THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint, and each and every purported cause of action contained therein, is barred because Defendant did not have a legal duty to engage in an interactive process with Plaintiff in order to accommodate his alleged disability.

FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Complaint, and each and every purported cause of action contained therein, is barred because Defendant did not have a legal duty to provide accommodations

1    for Plaintiff's alleged disability because any accommodations would have been
2    unreasonable.

3

4                           FIFTEENTH AFFIRMATIVE DEFENSE

5           15.    Plaintiff's purported causes of action under the FEHA fail, in whole or in
6    part, because Plaintiff is not and was not a qualified individual.

7

8                           SIXTEENTH AFFIRMATIVE DEFENSE

9           16.    The Complaint, and each and every purported cause of action contained
10   therein, fails to state a cause of action because any accommodation of Plaintiff's alleged
11   disability would have resulted in an undue hardship.

12

13                         SEVENTEENTH AFFIRMATIVE DEFENSE

14          17.    Plaintiff is not entitled to recover punitive or exemplary damages against
15   Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations
16   of malice or reckless indifference for the rights of Plaintiff or that Defendant was
17   motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of
18   Defendant committed any alleged malicious or reckless act, authorized or ratified such an
19   act, or had advance knowledge of the unfitness, if any, of any employee or employees who
20   allegedly committed such an act, or employed any such employee or employees with a
21   reckless indifference towards the rights or safety of others, and (c) an award of punitive or
22   exemplary damages under the circumstances alleged would violate the due process clauses
23   of the United States and California Constitutions.

24

25                         EIGHTEENTH AFFIRMATIVE DEFENSE

26          18.    The Complaint, and each and every purported cause of action contained
27   therein, is barred, in whole or in part, because Defendant had an honest, good faith belief
28   that all decisions with respect to Plaintiff's employment were made solely for legitimate,

511716

5

business-related reasons and were reasonably based upon the facts as Defendant understood them.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's causes of action arising under the FEHA are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA. Cal. Gov't Code §§ 12900 *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure § 128.6 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any greater rights than he would have had if he had been employed throughout a leave of absence.  2 Cal. Code. Reg. 7297.2(c).  Plaintiff would not otherwise have been employed in his same position for legitimate business reasons unrelated to his leave of absence and/or request for leave of absence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation and made good faith efforts to implement and enforce that policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant reserves the right to assert additional affirmative defenses as

511716

6

1   discovery proceeds and it becomes aware of additional facts and/or circumstances that
2   provide the bases for additional affirmative defenses.

3

4   **<u>PRAYER FOR RELIEF</u>**

5

6   Wherefore, Defendant prays for judgment as follows:

7

8   1.   That Plaintiff takes nothing by reason of his Complaint and judgment be
9   entered in favor of Defendant;

10

11   2.   That the Complaint herein be dismissed in its entirety with prejudice;

12

13   3.   That Plaintiff's prayer for all compensatory damages, punitive damages,
14   special damages, penalties, interest, attorneys' fees and costs be denied;

15

16   4.   That Defendant be awarded its costs of suit, including attorneys' fees,
17   incurred herein; and

18

19   5.   For such other and further relief as the Court deems just and proper.

20

21   DATED: December 27, 2021          KADING BRIGGS LLP

22

23   By: _____
                                        KYMBERLEIGH DAMRON-HSIAO

24

25   Attorneys for Defendant
     WELLS FARGO BANK, N.A.

26

27

28

511716

7

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, California 92618.

On **December 27, 2021,** I served the foregoing document described as:

**DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

on the interested parties:

| | |
|---|---|
| Walter Mosley | Attorney for Plaintiff Christian Munoz |
| Carlos E. Montoya | |
| Nathalie Meza Contreras | Tel: (213) 232-3886 |
| Mosley & Associates | |
| 1055 West 7th Street, 33rd Floor | Email: wm@waltermosleyesq.com |
| Los Angeles, CA 90017 | cem@waltermosleyesq.com |
| | nmc@waltermosleyesq.com |

☒ **BY MAIL:**  by placing a true and correct copy of the foregoing document in a sealed envelope address as stated above.  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:**  by placing a true and correct copy of the foregoing document in a sealed prepaid envelope address as stated above.  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☐ **BY ELECTRONIC MAIL:**  by sending the foregoing document via electronic mail to the email address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 27, 2021**, at Irvine, California.

_Leighann N. Burick_
_____
Leighann N. Burick

EXHIBIT "H"

# EXHIBIT "H"

1 THERESA A. KADING (SBN 211469)
 Email: tkading@kadingbriggs.com
2 KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
 Email: kdh@kadingbriggs.com
3 KADING BRIGGS LLP
 100 Spectrum Center Drive, Suite 800
4 Irvine, California 92618
 Telephone: (949) 450-8040
5 Facsimile: (949) 450-8033

6 Attorneys for Defendant
 WELLS FARGO BANK, N.A.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12  CHRISTIAN MUNOZ, an individual, | CASE NO.:  21STCV43083 |
| 13              Plaintiff, | Assigned to Hon. Barbara Meiers, Dept. 12 |
| 14         vs. | |
| 15  WELLS FARGO BANK, N.A., A United States National Association; and | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| 16  DOES 1 through 20, inclusive, | **UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)** |
| 17              Defendants. | |
| 18 | Complaint Filed:     November 22, 2021 |

19

20

21

22

23

24

25

26

27

28

512311

                                        1

1      TO PLAINTIFF AND HER ATTORNEY OF RECORD:

2

3          PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4    the United States District Court for the Central District of California on December 28,

5    2021.  A copy of said Notice of Removal and supporting exhibits are attached to this

6    Notice, and are served and filed herewith.

7

8    DATED: December 28, 2021            KADING BRIGGS LLP
                                         THERESA A. KADING
9                                        KYMBERLEIGH DAMRON-HSIAO

10

11                                       By: _____
                                              *Kymberleigh Damron-Hsiao*
12                                             KYMBERLEIGH DAMRON-HSIAO

13                                       Attorneys for Defendant
                                         WELLS FARGO BANK, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

512311

2

1

**PROOF OF SERVICE**

2   I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, California 92618.

3

4   On **December 28, 2021,** I served the foregoing document described as:

5

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

6

7

8 on the interested parties:

9

| | |
|---|---|
| Walter Mosley | Attorney for Plaintiff Christian Munoz |
| Carlos E. Montoya | |
| Nathalie Meza Contreras | Tel: (213) 232-3886 |
| Mosley & Associates | |
| 1055 West 7th Street, 33rd Floor | Email: wm@waltermosleyesq.com |
| Los Angeles, CA 90017 | cem@waltermosleyesq.com |
| | nmc@waltermosleyesq.com |

10

11

12

13 ☒ **BY MAIL:**  by placing a true and correct copy of the foregoing document in a sealed envelope address as stated above.  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

18 ☐ **BY OVERNIGHT DELIVERY:**  by placing a true and correct copy of the foregoing document in a sealed prepaid envelope address as stated above.  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

19

20

21 ☐ **BY ELECTRONIC MAIL:**  by sending the foregoing document via electronic mail to the email address(es) noted above.

22

23   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25   Executed on **December 28, 2021**, at Irvine, California.

26

_____
Leighann N. Burick

27

28

EXHIBIT "I"

# EXHIBIT "I"

1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
    Email: kdh@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF LOS ANGELES

11

12  CHRISTIAN MUNOZ, an individual,      CASE NO.:  21STCV43083

13              Plaintiff,                Assigned to Hon. Barbara Meiers, Dept. 12

14      vs.

15  WELLS FARGO BANK, N.A., A            **NOTICE TO STATE COURT OF**
    United States National Association;   **REMOVAL OF CIVIL ACTION TO**
16  and DOES 1 through 20, inclusive,    **UNITED STATES DISTRICT COURT**
                                          **UNDER 28 U.S.C. §§ 1332, 1441 AND**
17              Defendants.               **1446 (DIVERSITY)**

18                                        Complaint Filed:   November 22, 2021

19

20

21

22

23

24

25

26

27

28

512312

                                    1

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS

2    ANGELES:

3

4    Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5    Party of Removal of this action to the United States District Court for the Central District

6    of California.  The original Notice of Removal of Civil Action to the United States

7    District Court was filed with the United States District Court for the Central District of

8    California with the attached exhibits on December 28, 2021.

9    The filing of said Notice of Removal effects the removal of the above-entitled

10   action from this Court.

11

12   DATED: December 28, 2021          KADING BRIGGS LLP
                                       THERESA A. KADING
13                                     KYMBERLEIGH DAMRON-HSIAO

14

15                                     By: _____
                                           KYMBERLEIGH DAMRON-HSIAO
16

17                                     Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.
18

19

20

21

22

23

24

25

26

27

28

NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "1"

# EXHIBIT "1"

1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
    Email: kdh@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF LOS ANGELES

11

12   CHRISTIAN MUNOZ, an individual,        CASE NO.:  21STCV43083

13                  Plaintiff,              Assigned to Hon. Barbara Meiers, Dept. 12

14          vs.

15   WELLS FARGO BANK, N.A., A              **NOTICE TO ADVERSE PARTY OF**
     United States National Association; and **REMOVAL OF CIVIL ACTION TO**
16   DOES 1 through 20, inclusive,          **UNITED STATES DISTRICT COURT**
                                            **UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**
17                  Defendants.             **(DIVERSITY)**

18                                          Complaint Filed:     November 22, 2021

19

20

21

22

23

24

25

26

27

28

512311
                                       1

1    TO PLAINTIFF AND HER ATTORNEY OF RECORD:

2

3    PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4    the United States District Court for the Central District of California on December 28,

5    2021.  A copy of said Notice of Removal and supporting exhibits are attached to this

6    Notice, and are served and filed herewith.

7

8    DATED: December 28, 2021          KADING BRIGGS LLP
                                       THERESA A. KADING
9                                      KYMBERLEIGH DAMRON-HSIAO

10

11                                     By: _____

12                                         KYMBERLEIGH DAMRON-HSIAO

13                                     Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

512311

2

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, California 92618.

On **December 28, 2021,** I served the foregoing document described as:

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

on the interested parties:

Walter Mosley
Carlos E. Montoya
Nathalie Meza Contreras
Mosley & Associates
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017

Attorney for Plaintiff Christian Munoz

Tel: (213) 232-3886

Email: wm@waltermosleyesq.com
cem@waltermosleyesq.com
nmc@waltermosleyesq.com

☒ **BY MAIL:**  by placing a true and correct copy of the foregoing document in a sealed envelope address as stated above.  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:**  by placing a true and correct copy of the foregoing document in a sealed prepaid envelope address as stated above.  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☐ **BY ELECTRONIC MAIL:**  by sending the foregoing document via electronic mail to the email address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 28, 2021**, at Irvine, California.

_____
Leighann N. Burick

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, California 92618.

On **December 28, 2021,** I served the foregoing document described as:

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT UNDER
28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

on the interested parties:

| | |
|---|---|
| Walter Mosley | Attorney for Plaintiff Christian Munoz |
| Carlos E. Montoya | |
| Nathalie Meza Contreras | Tel: (213) 232-3886 |
| Mosley & Associates | |
| 1055 West 7th Street, 33rd Floor | Email: wm@waltermosleyesq.com |
| Los Angeles, CA 90017 | cem@waltermosleyesq.com |
| | nmc@waltermosleyesq.com |

☒ **BY MAIL:**  by placing a true and correct copy of the foregoing document in a sealed envelope address as stated above.  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:**  by placing a true and correct copy of the foregoing document in a sealed prepaid envelope address as stated above.  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☐ **BY ELECTRONIC MAIL:**  by sending the foregoing document via electronic mail to the email address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 28, 2021**, at Irvine, California.

_____
Leighann N. Burick

1

## <u>PROOF OF SERVICE</u>

2

       I am employed in the County of Orange, State of California.  I am over the age of

3

18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, California 92618.

4

       On **December 28, 2021,** I served the foregoing document described as:

5

**NOTICE TO STATE COURT OFREMOVAL OF CIVIL ACTION**

6

**TO UNITED STATES DISTRICT COURT UNDER**
**28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

7

8

on the interested parties:

9

Walter Mosley
Carlos E. Montoya

Attorney for Plaintiff Christian Munoz

10

Nathalie Meza Contreras
Mosley & Associates

Tel: (213) 232-3886

11

1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017

Email: wm@waltermosleyesq.com
cem@waltermosleyesq.com
nmc@waltermosleyesq.com

12

13

☒  **BY MAIL:**  by placing a true and correct copy of the foregoing document in a

14

sealed envelope address as stated above.  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and

15

processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on

16

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

17

affidavit.

18

☐  **BY OVERNIGHT DELIVERY:**  by placing a true and correct copy of the

19

foregoing document in a sealed prepaid envelope address as stated above.  I am readily familiar with the practice of Kading Briggs LLP for the collection and

20

processing of correspondence for overnight delivery and know that the document described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

21

☐  **BY ELECTRONIC MAIL:**  by sending the foregoing document via electronic

22

mail to the email address(es) noted above.

23

       I declare under penalty of perjury under the laws of the State of California that the

24

above is true and correct.

       Executed on **December 28, 2021**, at Irvine, California.

25

26

_____
Leighann N. Burick

27

28